UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| SHAUN J. TINNER, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 6:21-cv-104-HRW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. GILLEY, Warden | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Shaun J. Tinner is a federal prisoner currently confined at the Federal Correctional Institution ("FCI")–Manchester in Manchester, Kentucky. Proceeding without an attorney, Tinner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his conviction and has paid the $5.00 filing fee.  [D.E. No. 5, 6][1]  This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[2]  However, because this Court does

---

[1] Tinner's original § 2241 petition was not signed by him.  [D.E. No. 1]  However, Tinner has now re-filed a signed § 2241 petition in compliance with the Court's previous instructions.  [D.E. No. 4, 6]

[2] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

not have subject-matter jurisdiction over Tinner's § 2241 petition, his petition will be dismissed.

## I.

In April 2019, Tinner was charged in an indictment issued by a grand jury in the United States District Court for the Southern District of Indiana with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 1) and one count of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 2). *United States v. Shaun Tinner*, No. 1:19-cr-136-JRS-MJD (S.D. Ind. 2019) at D.E. No. 9.[3]   In June 2019, pursuant to a plea agreement with the United States, Tinner filed a petition to enter a plea of guilty as to Count 1. *Id*. at D.E. No. 28.[4]

In the Stipulated Factual Basis for his plea, Tinner agreed that the Government would be able to prove beyond a reasonable doubt that he was a passenger in a vehicle in which a police officer found a handgun; neither the driver of the vehicle nor her sister claimed responsibility for the firearm; during a search incident to

---

[3] The Indictment specified that Tinner had previously been convicted of three felonies, including two separate Indiana convictions for dealing in cocaine or narcotic and one Indiana conviction for theft. *Id*.

[4] The Court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

arrest, officers found a live round of ammunition matching the rounds of ammunition found in the handgun in Tinner's pocket; and, prior to the date of the incident, Tinner had sustained three felony convictions in Indiana. *Id*. at p. 7-8. As part of the plea agreement, Tinner further waived the right to appeal (including the right to raise any challenge that his admitted conduct did not fall within the scope of § 922(g)(1)), as well as the right to contest his conviction or sentence in any later legal proceeding, including but not limited to an action brought under 28 U.S.C. § 2255. *Id*. at p. 10-11.

In July 2019, Tinner and the United States agreed to an Addendum to his petition to enter plea of guilty and plea agreement. *Id*. at D.E. No. 31. In this Addendum, Tinner specifically agreed that, should the matter proceed to trial, the Government would be able to establish beyond a reasonable doubt that, at the time that he possessed the handgun as charged in the Indictment, Tinner knew that he had been previously convicted of a crime punishable by more than one year of imprisonment. *Id*. at p. 2. Tinner also agreed to waive "any objection to the failure of the Indictment to allege that when he possessed the firearm, he knew that he had been previously convicted of a crime punishable by more than one year of imprisonment." *Id*. In addition, Tinner agreed that the Addendum to his plea agreement "cures any defect in the Indictment's failure to include as an element of

3

the crime charged that the defendant knew he had the relevant status as a prohibited person when he possessed the firearm at issue in this case." *Id*.

In October 2019, the District Court accepted Tinner's guilty plea as to Count 1; granted the Government's motion to dismiss Count 2; and sentenced Tinner to a term of imprisonment of 68 months on Count 1. *Id*. at D.E. No. 42, 43, 44. Tinner neither filed a direct appeal of his conviction and/or sentence, nor did he file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

Tinner has now filed a § 2241 petition in this Court, arguing that his conviction is invalid in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, Tinner argues that, in light of *Rehaif*, he is "actually innocent" of his crime of conviction because the Government failed to prove that Tinner knew that he belonged to a relevant category of persons barred from possessing a firearm. [D.E. No. 6 at p. 5] He seeks to bring his claims in this § 2241 petition via the "savings clause" of 28 U.S.C. § 2255(e), claiming that a motion under § 2255 is "inadequate or ineffective" because his lawyer failed to raise the issue at the time of sentencing. [*Id*. at p. 3]

However, the Court must dismiss Tinner's § 2241 petition for lack of subject-matter jurisdiction because Tinner fails to show that a motion under § 2255 is inadequate or ineffective to test his conviction. *See Taylor v. Owens*, 990 F.3d 493 (6th Cir. 2021).

4

## II.

As an initial matter, Tinner's § 2241 petition is barred by the collateral attack waiver provision of his plea agreement.  In his plea agreement, Tinner agreed to waive his right to appeal (including to challenge whether his admitted conduct fell within the scope of 18 U.S.C. § 922(g)(1)), as well as the right to contest his conviction or sentence in any later legal proceeding, including but not limited to an action brought under 28 U.S.C. § 2255.  *United States v. Shaun Tinner*, No. 1:19-cr-136-JRS-MJD (S.D. Ind. 2019) at D.E. No. 28.  In fact, in the Addendum to his plea agreement, Tinner specifically agreed to waive "any objection to the failure of the Indictment to allege that when he possessed the firearm, he knew that he had been previously convicted of a crime punishable by more than one year of imprisonment." *Id*. at D.E. No. 31.

Such waivers are enforceable and apply to proceedings under § 2241.  *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir.) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)).  Tinner is therefore barred from challenging his conviction or sentence in this proceeding.  *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).

Even absent his plea agreement waiver, Tinner may not pursue his *Rehaif* claim in a habeas petition filed pursuant to § 2241. While 28 U.S.C. § 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," *Taylor*, 990 F.3d at 495, Section 2441's applicability is severely restricted by 28 U.S.C. § 2255. *Id*. "[S]ection 2241 typically facilitates only challenges to 'the execution or manner in which the sentence is served' – those things occurring within the prison." *Id*. (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)). For this reason, a petition for a writ of habeas corpus filed pursuant to § 2241 must be filed in the judicial district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (because the only proper respondent to a habeas petition is the petitioner's custodian at the time of filing, it must be filed in the district court where the prisoner is incarcerated).

In contrast, "section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence – those things that were ordered in the sentencing court." *Taylor*, 990 F.3d at 495. Thus, a federal prisoner generally may not use a § 2241 petition to challenge his conviction. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A motion to vacate, set aside, or correct a sentence pursuant to § 2255 is filed in the

sentencing court, "which…possess[es] greater knowledge (and records) of the case." *Taylor*, 990 F.3d at 495.

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to the prohibition against challenging a conviction or sentence in a § 2241 petition, allowing such a petition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). However, a motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Rather, to properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). Because the savings clause of § 2255(e) is a jurisdictional bar

7

that a petitioner must clear prior to bringing a challenge to his conviction or sentence in a § 2241 proceeding, the failure to do so mandates dismissal of the § 2241 petition for lack of subject-matter jurisdiction. *Taylor*, 990 F.3d at 499-500 ("Unless [the petitioner] proves that a section 2255 motion is inadequate or ineffective to challenge his sentence, no court may entertain his application for a writ of habeas corpus under section 2241.").

Here, Tinner relies upon the Supreme Court's decision in *Rehaif*, which held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. Tinner argues that because the Government failed to prove that Tinner knowingly violated the "status" element of being a felon in possession of a firearm, he is "actually innocent" of his crime of conviction. [D.E. No. 6]

However, while *Rehaif* is a Supreme Court decision, it was issued on June 21, 2019, *see Rehaif*, 139 S.Ct. 2191, over three months before Tinner's guilty plea was accepted by the District Court at a hearing held on October 4, 2019 and the Judgment of Conviction was entered on October 7, 2019. *United States v. Shaun Tinner*, No. 1:19-cr-136-JRS-MJD (S.D. Ind. 2019) at D.E. No. 42, 44. Thus, *Rehaif* does not satisfy *Wooten*'s requirement that the petitioner must rely on a Supreme Court

decision issued *after* the petitioner's conviction became final.  *Wooten*, 677 F.3d at 307-08.  For this reason, Tinner cannot establish that he has had "no prior reasonable opportunity to bring his argument for relief" as required by *Wright* because he could have raised his *Rehaif* claim prior to sentencing or in a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.  That he failed to do so does not render a motion  under § 2255 "inadequate or ineffective" to permit him to raise his claim in a § 2241 petition filed pursuant to the "savings clause" of § 2255(e). *Copeland*, 36 F. App'x at 795.

To be sure, the merits of Tinner's *Rehaif* claim are doubtful, particularly in light of his guilty plea and the factual stipulations to which he agreed in his plea agreement and Addendum thereto.  *See United States v. Manni*, 810 F.2d 80, 84 (6th Cir. 1987) ("…an attack on the sufficiency of the evidence that might have been produced at trial [is] clearly waived by [a] defendant's guilty plea.").  *See also United States v. Broce*, 488 U.S. 563, 569 (1989).  Pursuant to *Rehaif*, the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it" *Rehaif*, 139 S. Ct. at 2194, facts that Tinner specifically agreed that the Government would be able to prove at trial.  *See also United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019) (in light of *Rehaif*, "in a prosecution under § 922(g)(3), the Government arguably must prove that defendants knew they were unlawful users of a controlled substance, but not, as

9

defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law.").

Even so, the Court need not address the substance of Tinner's *Rehaif* claim because this claim was previously available to Tinner and he has not "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. Thus, because Tinner cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he may not raise his *Rehaif* claim in a § 2241 petition via the savings clause of § 2255(e). *Id.* at 706.

Because Tinner fails to establish that a § 2255 motion is inadequate or ineffective to challenge his sentence, this Court may not entertain his § 2241 petition and must dismiss it for lack of subject-matter jurisdiction. *See Taylor*, 990 F.3d at 496.

For all of these reasons, the Court hereby **ORDERS** as follows:

1.  Tinner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 6] is **DISMISSED** for lack of subject-matter jurisdiction.

2.  This action is **STRICKEN** from the Court's docket.

3.  A corresponding judgment will be entered this date.

This the 23rd day of July, 2021.

10



Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

11